WEAVER *v.* HILL.

(*Knoxville.* October 10, 1896.)

GARNISHMENT. *Of laborer's wages.*

Garnishment of a laborer's wages reaches nothing where less than the thirty dollars, exempt by statute, was due at the date of service of the notice of garnishment, though a larger amount than thirty dollars had then been earned, but was not then all due. The statutes, in peremptory terms, forbid attachment or garnishment of the salaries or wages of· any mechanic or laborer until they are due, thus taking such wages and salaries out of the general rules applicable to the garnishment of other choses in action.

Code construed: §§ 3794, 4825, 5245 (S.); §§ 2931, 3810, 4226 (M. & V.); §§ 3097, 3485, (T. & S.).

Act construed: Acts 1895, Ch. 192.

Cases cited and distinguished: VanVleet *v.* Stratton, 91 Tenn., 476.

FROM KNOX.

Appeal in error from Circuit Court of Knox County. J. W. SNEED, J.

CHARLES NELSON for Weaver.

GREEN & SHIELDS for Hill.

WILKES, J. This is a garnishment proceeding. The trial Judge gave judgment for $12.65, and the defendant, Weaver, appealed, and has assigned as

error that the amount for which the judgment was rendered was not subject to garnishment, but was exempt under the Act of 1895, Ch. 192, p. 388. It appears that the garnishment was served upon the railway company February 20, 1896, returnable March 5, 1896. The company answered that at the time the garnishment was served it was indebted to Weaver for wages as a laborer in the sum of $42.65, and that Weaver claimed an exemption of $30 of such amount as laborer's wages. In the Circuit Court it appeared that it was the custom of the railroad company to pay wages to its employees on the twentieth of each month for the previous month, and the wages were due at that time; that when the garnishment was served the company was owing Weaver for January, 1896, $28, and for February, 1896, $14.65; that the amount owing for January, 1896, was then due and payable, but the amount earned and owing for February, 1896, was not due and payable until the twentieth of March, 1896. The Circuit Judge, upon this proof, was of the opinion that $30 of the entire amount owing was exempt under the statute, and the remainder of $12.65, then earned but not due, could be reached by garnishment, and gave judgment accordingly.

The Code (M. & V.), § 2931, exempts $30 of the wages of every mechanic or laboring man, and provides that "the lien created by service of garnishment shall only affect that portion of a laborer's

wages that may be due at the time service is made, and not any future wages.'' It is said that this section of the Code was construed in *Van Vleet* v. *Stratton*, 7 Pick., 476, to hold that wages which have been earned but are not yet due, may be seized under garnishment, and language to that effect is used in considering that case. The real question involved in that case, however, was that an employer might pay his employee his wages in advance, and this would not be a fraudulent evasion of the garnishment law.

After the decision in *Van Vleet* v. *Stratton*, the Act of May 13, 1895, was passed by the Legislature. This Act is entitled ''An Act to prevent the attachment or garnishment of the future wages or salary of any employee,'' and is in these words: ''That hereafter no attachment or garnishment shall be issued to attach or garnishee the future salary or wages of any employee or other person, but any such attachment or garnishment shall only be for salary or wages due at the date of the service of the garnishment or attachment.''

It is evident that by this Act the Legislature intended that only salary and wages due at the time the garnishment notice is served can be seized if in excess of the $30 exemption; and it in express terms takes away any right to attach or garnishee any salary or wages not due when the notice is served, and we can give effect to the Act in no other way than by such construction. It is true

that the Code (M. & V.), § 3810, provides that choses· in action, whether due or not, are subject to garnishment under the terms "property, debts, and effects," and § 4226 (M. & V.) provides that "if the debt of the garnishee to the defendant is not due, execution will be suspended until ·its maturity," indicating a clear legislative intent that ordinarily choses in action may be garnisheed whether due or not; but it is equally clear that, as to wages and salaries of employees, both by the Code (M. & V.), § 2931, and the Act of 1895, it is the legislative intent and provision that only such wages and salary as are due at the time of the service of the garnishment are liable to it, and the inference is irresistible that the Legislature intended to apply a different rule in cases of salaries and wages to that prevailing as to other choses in action.

The judgment of the Court below is reversed and the garnishment proceedings dismissed at the cost of the creditor, Hill.